UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JOE LIZARRAGA, Warden,<br><br>Respondent. | No. 2:15-cv-1154 JAM DB P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 convictions for first degree burglary and for receiving stolen property. Before the court is respondent's motion to dismiss the petition for failure to exhaust state court remedies and for failure to allege claims cognizable on habeas corpus.

**Exhaustion**

**I.   Legal Standards**

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

1

1  The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts...or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

**II.    Analysis**

In the present case, petitioner raises fourteen claims in his petition. (ECF No. 1.) Respondent moves to dismiss petitioner's claims 10 through 14 on the grounds that petitioner failed to exhaust his state court remedies as to each of those claims. In addition, respondent moves to dismiss claims 1 and 6, alleging that petitioner failed to state claims cognizable on habeas corpus.

After reviewing the record in this action, it appears that because petitioner filed no post-conviction collateral challenges in state court, he has only exhausted the claims raised in his petition for review filed in the California Supreme Court. The nine claims raised in the petition for review are:

////

I. THE THREE STRIKES REFORM ACT OF 2012, WHICH REDUCES PUNISHMENT FOR CERTAIN NON-VIOLENT THIRD-STRIKE OFFENDERS, APPLIES RETROACTIVELY TO A DEFENDANT WHO WAS SENTENCED BEFORE THE ACT'S EFFECTIVE DATE BUT WHOSE JUDGMENT WAS NOT FINAL UNTIL AFTER THAT DATE.

II. DENIAL OF THE MANDATORY AMELIORATIVE BENEFITS OF SECTIONS 667 AND 1170.12 UNDER <u>ESTRADA</u> WOULD VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FEDERAL CONSTITUTION.

III. THERE IS INSUFFICIENT EVIDENCE OF APPELLANT'S INTENT TO COMMIT THEFT AT THE TIME OF[] APPELLANT'S ENTRY INTO THE STORAGE ROOM TO SUPPORT THE BURGLARY CONVICTION.

IV. APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE RECEIVING STOLEN PROPERTY CHARGE WAS ADDED TO THE COMPLAINT AFTER THE MISTRIAL, DEMONSTRATING VINDICTIVE PROSECUTION.

V. THE TRIAL COURT ERRED PREJUDICIALLY IN DENYING APPELLANT'S SEVERANCE MOTION, RENDERING THE TRIAL FUNDAMENTALLY UNFAIR IN VIOLATION OF DUE PROCESS.

VI. THE TRIAL COURT'S FACTUALLY CHARGED INSTRUCTION REGARDING THE MEANING OF FUNCTIONALLY CONNECTED AS IT RELATES TO FIRST DEGREE BURGLARY DENIED APPELLANT [] HIS DUE PROCESS RIGHT TO A FAIR TRIAL.

VII. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR MISTRIAL AFTER THE JURY SAW HIM IN HANDCUFFS AND BELLY CHAINS.

VIII. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS AGAINST SELF-INCRIMINATION AND TO DUE PROCESS OF LAW WHEN IT REQUIRED THAT APPELLANT TESTIFY REGARDING THE FACTS OF THE INSTANT CHARGES IN ORDER FOR HIM TO CONSIDER STRIKING ANY OF HIS STRIKES AT HIS SENTENCING HEARING.

IX. THE PROSECUTOR'S ARGUMENT VIOLATED THE CONSTITUTIONAL PROHIBITION AGAINST COMMENT BY THE PROSECUTOR ON A DEFENDANT'S FAILURE TO TESTIFY.

1  (Lodged Doc. No. 4 at i-ii.[1])

2  These nine claims appear to be identical to the first nine claims raised in the habeas petition filed here.  (See ECF No. 1 at 10-11.)  Accordingly, they are exhausted.

4  Respondent contends petitioner's remaining five claims are not exhausted.  Those claims are:

Claim 10 - Petitioner was denied effective assistance of counsel because trial counsel failed "to bring the city lighting engineer with a 'light meter'" to prove that witness Lauren McNeil's "flawed identification was impermissibly suggestive." Petitioner cites Stovall v. Denno, 388 U.S. 293 (1967) and Manson v. Brathwaite, 432 U.S. 98 (1977), both of which examined whether an allegedly tainted identification violated due process.  (ECF No. 1 at 11.)  Petitioner also claims that defense counsel should have brought in McNeil's medical doctor to show the witness wore glasses.  (ECF No. 1 at 35.)

Claim 11 - A sworn declaration by Richard Rodriguez, Jr. and the failure to find petitioner's fingerprints shows petitioner is innocent of all charges. "The March 20, 2015, Sworn Declaration by Richard Rodriguez Jr. proves that The Petitioner/Appellant was misidentified as the person seen by Lauren McNeil. The suggestive identification by this witness is false. The People's fingerprints that were taken from the storage area 'Prove' it was not Petitioner/Appellant's Prints in that Storage area. Reporter's Transcript at page 227. (Exhibit-D)" (ECF No. 1 at 11, 35-36).

Claim 12 - Petitioner's conviction resulted from state court errors which, taken together, denied petitioner a fair trial.  He cites Estelle v. McGuire, 502. U.S. 62 (1991) (ECF No. 1 at 11.).  Specifically, petitioner claims the trial court violated petitioner's rights to a fair trial by allowing the prosecution to add the receiving stolen property charge, by ordering shackling, and by denying petitioner's "motions."  (ECF No. 1 at 36.) Taken together, petitioner claims, these errors created an appearance of bias in favor of

---

[1] When he filed his motion, respondent lodged copies of state court records regarding petitioner's underlying convictions.  (See Notice of Lodging Documents in Paper (ECF No. 18).)

the prosecution and unfairness at trial.

<u>Claim 13</u> - Prosecutorial misconduct for allegedly misleading the jury about the fact that Petitioner's fingerprints were not found in the storage area, violating his rights to a "'Constitutionally Fair' Trial under the Due Process" provisions of the United States Constitution. (ECF No. 1 at 36-37.)

<u>Claim 14</u> - The prosecutor withheld evidence that a third party was involved in the burglary. (ECF No. 1 at 37-38.)

Petitioner makes no attempt to show he raised these five claims before the state's highest court. In his opposition, he simply states that he has exhausted all claims. (ECF No. 21.) This court finds that claims 10, 11, 13, and 14 were not raised before the state court. Some of the individual allegations raised in claim 12 were made in petitioner's petition for review to the California Supreme Court. However, the focus of claim 12 – that the trial court's numerous errors taken together showed bias and were unfair – was not raised in state court. Accordingly, this court finds that the legal basis for claim 12 was not exhausted and the claim as a whole is therefore unexhausted.

### III. Stay for Exhaustion

As set forth above, this court may not address the merits of a petition for writ of habeas corpus unless petitioner has exhausted state court remedies with respect to each of his federal claims. <u>Rose</u>, 455 U.S. at 509; 28 U.S.C. § 2254(b)(1). However, a habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court.

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) (staying timely mixed petition); <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), <u>overruled on other grounds</u>, <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007).

The first stay procedure is referred to as a "<u>Rhines</u> stay." Under <u>Rhines</u>, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there

is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).

However, in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).[2]

---

[2] Petitioner must meet all three Rhines prongs. As petitioner cannot meet the first prong, the two remaining prongs need not be addressed. Rhines v. Weber, 544 U.S. 269, 278 (2005)

The second stay procedure is referred to as a "Kelly stay." Under Kelly, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely...[a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. Id. at 1141.

Unless petitioner seeks to stay this action, the court must dismiss the unexhausted claims and proceed solely on the exhausted claims. If petitioner seeks to choose the Rhines approach, he must file a motion for stay and address the three Rhines conditions set forth above. If petitioner seeks to stay this action under Kelly, petitioner must submit an amended petition along with his renewed motion for stay, taking care to raise only exhausted claims.[3]

Petitioner is cautioned that if he fails to respond to this order, the court will grant respondent's motion to dismiss, dismiss petitioner's unexhausted claims without prejudice, and this action will proceed solely on the exhausted claims.[4]

---

[3] The Kelly approach is riskier for petitioners because the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142 (citing Mayle v. Felix, 545 U.S. 644 (2005)).

[4] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. Petitioner is further advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

**Failure to State a Cognizable Claim**

Respondent next argues that petitioner's claims 1 and 6 do not state claims cognizable on habeas corpus. Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). In a habeas corpus proceeding, this court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

In claim 1, petitioner alleges that Proposition 36, the Three Strikes Reform Act of 2012, should apply retroactively to his case under People v. Estrada, 63 Cal. 2d 740 (1965). (ECF No. 1 at 13-14.) When petitioner filed his petition for review before the California Supreme Court, that court had a pending case to resolve this issue. The California Supreme Court denied the petition for review "without prejudice to any relief to which defendant might be entitled after this court decides People v. Conley, S211275." (Lodged Doc. #5.) This court's research reveals that the California Supreme Court decision in Conley affirmed the opinion of the Court of Appeal that Proposition 36 did not have retroactive application.[5]

In 2015, apparently based on the passage of California's Proposition 47 in 2014, the Yolo County Superior Court granted petitioner's request to reduce his conviction for receiving stolen property from a felony to a misdemeanor. (Lodged Doc. #6.) However, as noted by the prosecutor at that hearing, this reduction did not result in a change to petitioner's sentence because he was serving two 25 to life sentences to run concurrently and the change affected only one of those sentences. (Id.) According to respondent, petitioner appealed the superior court's

---

[5] This court may take judicial notice of proceedings in other courts and other matters of public record. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014). Dockets for cases of the California Supreme and Appellate Courts are at: http://appellatecases.courtinfo.ca.gov

1  decision; though, it is not clear upon what grounds he has done so.  (See Lodged Doc. #7.)
2  According to the docket of the California Court of Appeal for the Third Appellate District, the
3  appeal has been fully briefed and has yet to be decided.

4      A review of petitioner's claim 1 shows that respondent is correct.  Petitioner alleges only
5  violations of state law in claim 1.  In claim 2, petitioner challenges the state's failure to
6  retroactively apply Proposition 36 under the federal Constitution.  Because he does not state a
7  claim cognizable under 28 U.S.C. § 2254, this court finds claim 1 should be dismissed.

8      Respondent also alleges petitioner's claim 6 is not cognizable in this action because "[a]
9  challenge to jury instructions does not generally state a federal constitutional claim."  (ECF No.
10  17 at 6.)   In claim 6, petitioner challenges the trial court's instruction to the jury on the
11  "functionally connected" element of burglary.  According to petitioner, the trial court's
12  instruction relieved the prosecution of its burden of proving an element of the crime beyond a
13  reasonable doubt, violating petitioner's rights to due process and a jury trial.  (ECF No. 1 at 25.)
14  Despite respondent's characterization of petitioner's claim 6 as a "state law claim," petitioner
15  relies upon federal cases United States v. Gaudin, 515 U.S. 506, 509-11 (1995), Sullivan v.
16  Louisana, 508 U.S. 275, 277-79 (1993), and United States v. Meadows, 598 F.2d 984, 990
17  (1979).  (See ECF No. 1 at 25-26.)  In Sullivan, the United States Supreme Court held a
18  reasonable doubt instruction given by a state court violated both due process and the petitioner's
19  right to a jury trial.  In Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983), a case cited by
20  respondent, the court also found a petitioner's allegations that jury instruction error violated his
21  due process rights stated a cognizable claim under 28 U.S.C. § 2254.   Respondent's blanket
22  statement that instructional error does not implicate federal constitutional concerns is simply
23  incorrect.

24      This court finds petitioner's claim 6 states a cognizable claim for relief under the federal
25  constitution.

26      In accordance with the above, IT IS HEREBY ORDERED that:
27      1.   Within thirty days from the date of this order, petitioner shall file any motion for stay.
28          If petitioner seeks to stay this action under Rhines, he must address the three Rhines

1 conditions set forth above. If petitioner seeks to stay this action under Kelly,
2 petitioner must also submit an amended petition, raising only exhausted claims.
3 Failure to file a motion for stay in compliance with this order will result in an order
4 dismissing petitioner's unexhausted claims, and this action will proceed solely on
5 petitioner's exhausted claims.

6    2. Petitioner's motion for stay, if any, shall be briefed pursuant to Local Rule 230(l).

7 Further, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss based
8 petitioner's failure to state a cognizable claim be granted as to claim 1 and denied as to claim 6.
9 These findings and recommendations will be submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties. The document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14 objections shall be filed and served within seven days after service of the objections.  The parties
15 are advised that failure to file objections within the specified time may result in waiver of the
16 right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 Dated: October 3, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/Rodr1154.mtd