1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD C. RODRIGUEZ,                    No.  2:15-cv-01154 JAM DB

12                 Petitioner,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    JOE LIZARRAGA,

15                 Respondent.

16

17          Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2012 convictions for first degree burglary

19    and for receiving stolen property.  Pending before the court is petitioner's motion to hold this

20    action in abeyance pending exhaustion of potentially dispositive issues in state court.  (ECF No.

21    30.)  For the reasons set forth below, the court recommends that the motion be denied.

22    **I.      Background**

23          Petitioner filed his habeas corpus petition in this action on May 28, 2015.  (ECF No. 1.)

24    On November 18, 2016, respondent moved to dismiss the petition, claiming five of the fourteen

25    grounds were unexhausted.  (ECF No. 17.)  Respondent also sought dismissal of grounds one and

26    six because they did not raise claims cognizable on federal review.  (Id.)  On October 4, 2016, the

27    undersigned issued an order and findings and recommendations recommending that (1)

28    respondent's motion to dismiss as it pertained to ground one of the federal petition be granted and

1

1    (2) respondent's motion as it pertained to ground six of the federal petition be denied.  (ECF No.

2    27.)  The court further found that because petitioner filed no post-conviction collateral challenges

3    in state court, he only exhausted the claims raised in his petition for review filed in the California

4    Supreme Court, which were claims one through nine of the federal petition.  (Id.)  Grounds ten

5    through fourteen of the federal petition were unexhausted, so, the court directed petitioner to, if

6    desired, file a motion for stay.  (Id.)  The findings and recommendations were adopted on January

7    18, 2017.  (ECF No. 33.)

8         Petitioner filed his motion for stay on December 8, 2016.  (ECF No. 30.)  He seeks a stay

9    pursuant to Rhines[1] so that he may exhaust claims ten through fourteen of his federal petition.

10   (Id.)  Respondent opposes the motion, asserting that petitioner has not met all of the requirements

11   for a Rhines stay.  (ECF No. 34.)  Petitioner, after seeking multiple extensions of time (ECF Nos.

12   36; 38), filed a reply memorandum, to which he attached a copy of a petition he alleges was filed

13   with the Supreme Court of California on July 1, 2017.  (ECF Nos. 42; 43.)  The attached state

14   court petition includes claims ten through fourteen of the federal petition.  (ECF No. 43.)

15        The five remaining claims that petitioner seeks to exhaust in state court are as follows:

16             Claim 10 - Petitioner was denied effective assistance of counsel because trial

17        counsel failed "to bring the city lighting engineer with a 'light meter'" to prove that

18        witness Lauren McNeil's "flawed identification was impermissibly suggestive."

19        Petitioner cites Stovall v. Denno, 388 U.S. 293 (1967) and Manson v. Brathwaite, 432

20        U.S. 98 (1977), both of which examined whether an allegedly tainted identification

21        violated due process.  (ECF No. 1 at 11.)  Petitioner also claims that defense counsel

22        should have brought in McNeil's medical doctor to show the witness wore glasses.  (ECF

23        No. 1 at 35.)

24             Claim 11 - A sworn declaration by Richard Rodriguez, Jr. and the failure to find

25        petitioner's fingerprints shows petitioner is innocent of all charges. "The March 20, 2015,

26        Sworn Declaration by Richard Rodriguez Jr. proves that The Petitioner/Appellant was

27

28   [1]  Rhines v. Weber, 544 U.S. 269 (2005).

2

1      misidentified as the person seen by Lauren McNeil. The suggestive identification by this

2      witness is false. The People's fingerprints that were taken from the storage area 'Prove' it

3      was not Petitioner/Appellant's Prints in that Storage area. Reporter's Transcript at page

4      227. (Exhibit-D)" (ECF No. 1 at 11, 35-36).

5             Claim 12 - Petitioner's conviction resulted from state court errors which, taken

6      together, denied petitioner a fair trial.  He cites Estelle v. McGuire, 502. U.S. 62 (1991)

7      (ECF No. 1 at 11.).  Specifically, petitioner claims the trial court violated petitioner's

8      rights to a fair trial by allowing the prosecution to add the receiving stolen property

9      charge, by ordering shackling, and by denying petitioner's "motions."  (ECF No. 1 at 36.)

10     Taken together, petitioner claims, these errors created an appearance of bias in favor of

11     the prosecution and unfairness at trial.

12            Claim 13 - Prosecutorial misconduct for allegedly misleading the jury about the

13     fact that Petitioner's fingerprints were not found in the storage area, violating his rights to

14     a "'Constitutionally Fair' Trial under the Due Process" provisions of the United States

15     Constitution.  (ECF No. 1 at 36-37.)

16            Claim 14 - The prosecutor withheld evidence that a third party was involved in the

17     burglary.  (ECF No. 1 at 37-38.)

18     **II.     Legal Standard and Analysis**

19         Under Rhines, a district court may stay a mixed petition if the following conditions are

20     met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are

21     potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally

22     dilatory litigation tactics."  544 U.S. at 278.  The Supreme Court has made clear that this option

23     "should be available only in limited circumstances."  Id. at 277.  Moreover, a stay granted

24     pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's

25     return to state court.  Id. at 277-78.

26          "Good cause" under Rhines is not clearly defined. The Supreme Court has explained that

27     in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals

28     of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay

3

1    and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.  The

2    Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an

3    "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

4    Several district courts have concluded that the standard is more generous than the showing

5    needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d

6    844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds

7    support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable

8    confusion" about the timeliness of his federal petition would generally constitute good cause for

9    his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544

10   U.S. 408, 416-17 (2005).

11        However, in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), the Ninth Circuit

12   ruled that petitioner did not show good cause by arguing that he was "under the impression" that

13   his counsel had raised all claims before the state court of appeal.  The Ninth Circuit explained that

14   finding good cause in that argument "would render stay-and-abey orders routine" and "would run

15   afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited

16   circumstances.'" Wooten, 540 F.3d at 1024.   In 2014, the Ninth Circuit clarified that "[t]he good

17   cause element is the equitable component of the Rhines test," and that although "a bald assertion

18   cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify

19   a petitioner's failure to exhaust, will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

20        In Blake, a habeas petitioner had filed a motion for a stay and abeyance under Rhines to

21   exhaust an ineffective assistance of counsel claim based on his trial counsel's alleged failure to

22   discover and present evidence of petitioner's abusive upbringing and history of mental illness.  Id.

23   at 979.  The petitioner argued that he had good cause for failing to exhaust the ineffective

24   assistance claim because he had received ineffective assistance of counsel during his state post-

25   conviction proceedings.  Id.  Specifically, the petitioner argued that his state post-conviction

26   counsel failed to discover the same evidence of abuse and mental illness underlying his

27   ineffective assistance of trial counsel claim.  Id.

28   ////

1    In that context, the Ninth Circuit held:

2    The good cause element is the equitable component of the <u>Rhines</u>
     test. It ensures that a stay and abeyance is available only to those
3    petitioners who have a legitimate reason for failing to exhaust a
     claim in state court. As such, good cause turns on whether the
4    petitioner can set forth a reasonable excuse, supported by sufficient
     evidence, to justify that failure. An assertion of good cause without
5    evidentiary support will not typically amount to a reasonable excuse
     justifying a petitioner's failure to exhaust.
6

7    <u>Blake</u>, 745 F.3d at 982.

8    The Ninth Circuit determined that the petitioner in <u>Blake</u> had submitted sufficient

9    evidence to support his argument that he received ineffective assistance of counsel during his

10   state post-conviction proceedings.  <u>Blake</u>, 745 F.3d at 982-83.  Specifically, the petitioner's

11   federal post-conviction counsel had compiled evidence of petitioner's abusive upbringing and

12   history of mental illness, including a declaration from a private investigator and thirteen

13   declarations from petitioner's family and friends.  <u>Id.</u>  The Ninth Circuit concluded that the

14   district court had abused its discretion when it found that petitioner had failed to establish good

15   cause because petitioner's showing "was not a bare allegation of state post-conviction IAC, but a

16   concrete and reasonable excuse, supported by evidence that his state post-conviction counsel

17   failed to discover, investigate, and present to the state courts the reasonably available evidence of

18   Blake's upbringing and compromised mental condition."  <u>Id.</u> at 983.

19   Petitioner must meet all three <u>Rhines</u> prongs.  544 U.S. at 278.  As petitioner fails to

20   demonstrate good cause, the court need only address that prong below.

21   **A.    Good Cause**

22   The first factor in the <u>Rhines</u> analysis is whether petitioner has demonstrated good cause

23   for his failure to raise his unexhausted claims in state court.  Pursuant to <u>Blake</u>, petitioner must set

24   out a "concrete and reasonable" excuse that is supported by evidence.  745 F.3d at 983.  The court

25   finds petitioner has not done so here.

26   Petitioner contends that he has good cause for his failure to exhaust because he took the

27   advice of appellate counsel who, petitioner alleges, overlooked these "crucial" claims that should

28   have been addressed on appeal.  (ECF No. 30 at 1.)  As noted above, petitioner was represented

5

1    by counsel for his direct appeal, which included issues one through nine of this petition.  Those

2    issues were exhausted before the California Supreme Court in the petition for review, which was

3    also filed by counsel.  (See ECF No. 27; Lodged Doc. No. 4 at i-ii.[2])  After the petition for review

4    was denied on January 14, 2015 (Lodged Doc. No. 5), petitioner did not move for collateral

5    review with the state court.  Instead, petitioner filed his federal petition in pro per on May 28,

6    2015.  (ECF No. 1.)  The federal petition includes claims ten through fourteen, which respondent

7    seeks to dismiss as unexhausted.

8         As explained above, in Wooten, the petitioner argued that his failure to exhaust was

9    excusable because he was "under the impression" that his counsel included all of the issues raised

10   before the California Court of Appeal in his petition before the California Supreme Court.  540

11   F.3d at 1024.  The Ninth Circuit rejected this argument, holding that "if the court was willing to

12   stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted,

13   virtually every habeas petitioner, at least those represented by counsel, could argue that he

14   thought his counsel had raised an unexhausted claim and secure a stay."  The same logic holds

15   true in the present situation.

16        Petitioner provides no evidence showing that claims ten through fourteen were under

17   consideration by his counsel or himself at the time that his petition for review was filed with the

18   California Supreme Court.  In a recent findings and recommendations issued by the undersigned

19   (which was later adopted by the district judge in the case), the court distinguished a similar set of

20   circumstances from Wooten.  See Jackson v. CSP-Solano, No. 14-cv-2268 MCE DB, 2017 WL

21   404583 (E.D. Cal. Jan. 30, 2017).  As in the current case, in Jackson, the petitioner argued that he

22   had good cause for a Rhines stay because of appellate counsel's failure to raise two claims in the

23   appeal and in the petition for review before the California Supreme Court.  Id.  Respondent in

24   Jackson contended that Wooten was applicable, arguing that the petitioner did not show good

25   cause by claiming that he was "under the impression" that his counsel had raised all claims before

26   the state court of appeal.  Id. at *4.  However, this court rejected that argument, noting that one of

27

28   [2] When he filed his motion, respondent lodged copies of state court records regarding petitioner's
     underlying convictions.  (See Notice of Lodging Documents in Paper (ECF No. 18).)

1    the petitioner's claims was for ineffective assistance of appellate counsel, which asserted that

2    appellate counsel was ineffective in not bringing the unexhausted claims before the state court.

3    Id.  This was supported by the Ninth Circuit's decision in Blake, where the court determined that

4    the petitioner had submitted sufficient evidence to support his argument that he received

5    ineffective assistance of counsel during his state post-conviction proceedings.  745 F.3d at 982-

6    83.

7          Furthermore, in Jackson, this court focused on the fact that an earlier version of the

8    petitioner's state court appeal, filed in pro per, included some reference to the unexhausted

9    claims, which established that appellate counsel was aware of the specific claims, but chose not to

10   pursue them.  Id.  In the present case, petitioner never raised claims ten through fourteen in any

11   state appellate proceeding, nor does his petition include a claim for ineffective assistance of

12   appellate counsel.  Additionally, petitioner presents no assertions or concrete evidence that his

13   appellate counsel was aware of the issues in claims ten through fourteen, yet failed to pursue

14   them.

15         In Wooten, the Ninth Circuit specifically noted that the petitioner did not attempt to

16   establish ineffective assistance of appellate counsel.  540 F.3d at 1024 n. 2 ("And, although

17   Wooten calls his counsel "ineffective" for failing to include his cumulative error claim in his brief

18   to the California Supreme Court, Wooten has not developed any ineffective assistance of counsel

19   argument. He has not argued that his counsel's performance fell below an objective standard of

20   reasonableness or that the deficient performance prejudiced him." (internal quotations omitted)).

21   The same is true in the present context.  In the motion to stay, petitioner states briefly that he

22   relied upon appellate counsel for his state appeals and that appellate counsel failed to raise these

23   claims; however, petitioner does not make the argument that appellate counsel's performance fell

24   below an objective standard of reasonableness.

25         "In authorizing stays of habeas petitions only in "limited circumstances," Rhines

26   explicitly acknowledges AEDPA's dual purposes: to reduce delays in executing state and federal

27   criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's

28   incentive to exhaust all claims in state court."  Id. at 1024.  To grant petitioner's motion to stay

1  this action would undermine the goals of AEDPA by allowing for routine stays of mixed

2  petitions.  "Stays . . . delay the execution of sentences and reduce a petitioner's incentive to

3  exhaust all claims in state court."  Id.  Were the court to find good cause in this scenario where a

4  petitioner simply asserts that he relied upon his appellate counsel to bring all claims, then

5  virtually every habeas petitioner could secure a stay by arguing that he relied on appellate counsel

6  who simply did not raise the specific claims.  This is contrary to the purpose of the law.

7          Accordingly, petitioner has not established "good cause" for the granting of a Rhines stay.

8  As the court previously found in the findings and recommendations on the motion to dismiss,

9  claims ten through fourteen are unexhausted, so therefore, they must be dismissed.

10  **III.    Conclusion**

11          Accordingly, IT IS HEREBY RECOMMENDED that:

12          (1)     Petitioner's motion to hold this federal habeas petition in abeyance while he

13  exhausts claims ten through fourteen in state court be denied;

14          (2)     Petitioner's unexhausted claims ten through fourteen be dismissed; and

15          (3)     Respondent be directed to file a responsive pleading within thirty days.

16          These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  Such a document should be captioned "Objections to Magistrate

20  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

21  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated:  July 24, 2017

24

25

26  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

27

28  TIM-DLB:10
   DB / ORDERS / ORDERS.PRISONER.HABEAS / rodr.1154.rhines